IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUSTIN STINSON, KENNETH SLOAN, and THOMAS DUNDAS, on behalf of themselves and others similarly situated, | § § § § § | CIVIL ACTION NO. 21-cv-3727 |
| *Plaintiff*, | § § | JURY TRIAL DEMANDED |
| v. | § § | COLLECTIVE ACTION |
| NINE ENERGY SERVICE, LLC | § § § | |
| *Defendant.* | | |

## COLLECTIVE ACTION COMPLAINT

### I.  SUMMARY

1. Nine Energy Service, LLC ("Nine Energy" or "Defendant") an oilfield service company, is violating the Fair Labor Standards Act ("FLSA") by forcing its employees to work a substantial amount of overtime without properly paying all compensation due, thus depriving them of rightful compensation for their work that Defendant is legally obligated to pay.

2. Plaintiffs Justin Stinson, Kenneth Sloan, and Thomas Dundas worked for Defendant as field operators and were damaged by this illegal policy or practice. Plaintiffs were denied compensation they were due under the FLSA. Plaintiffs bring this lawsuit on behalf of themselves and all other similarly situated current or former field operators who were improperly paid a salary, to recover unpaid wages and overtime compensation,

1

liquidated damages, attorneys' fees, and costs owed to them individually and on behalf of other similarly situated individuals.

## II.   JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' claims arise under federal law, namely the FLSA, 29 U.S.C. § 201 *et seq*.

4. Venue is proper because Defendant Nine Energy Service, LLC maintains its principal place of business in the Southern District of Texas.  28 U.S.C. § 1391(b)(1).

## III.   THE PARTIES

5. Plaintiffs worked for Defendant as field operators under the guise of "supervisors," despite performing manual and technical labor like other hourly-paid crew members.  Plaintiffs regularly worked more than 40 hours per week without receiving all compensation that they were due under the FLSA.  Attached is Plaintiff Justin Stinson's consent as Exhibit A.  Plaintiff Kenneth Sloan's consent is attached as Exhibit B, and Plaintiff Thomas Dundas's consent is attached as Exhibit C.

6. The class of similarly situated employees consists of all current and former field operators who were employed by Defendant during the three-year period preceding the filing of this Complaint and were paid a salary as compensation.  These similarly situated individuals are the "Members of the Class" or "the Class."

7. Defendant Nine Energy Service LLC is a Domestic For-Profit Limited Liability Company with a principal place of business at 2001 Kirby Drive, Suite 200, Houston, TX 77019, that is engaged in commerce in the United States and is otherwise

subject to the FLSA.  Defendant Nine Energy Service LLC employed Plaintiffs within the meaning of the FLSA.  Defendant may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan Street, Ste 900, Dallas, Texas 75201.

### IV.   BACKGROUND

8. The preceding paragraphs are incorporated by reference.

9. Nine Energy Service LLC is a nationwide oilfield service company with significant completion and land drilling operations throughout the United States.  Nine Energy Service LLC employs oilfield personnel, including field operators, to provide its exploration and production services to its clients.

10. Defendant's field operators are primarily tasked with loading and unloading equipment, rigging up and rigging down the wells, performing hands-on mechanical maintenance of the wells and pumps, along with operating oilfield machinery and equipment.  Additionally, Plaintiffs were responsible for collecting and relaying data, and reporting daily activities to remote managers for analysis.  Plaintiffs' job duties were routine and largely governed by standardized plans, procedures, and checklists created by Defendant.  Plaintiffs' job duties did not include the exercise of discretion.

11. Despite being misclassified as "supervisors," Plaintiffs did not have the authority to hire or fire other employees.  Plaintiffs also were not responsible for making hiring or firing recommendations.

12. Upon information and belief, Plaintiffs and Members of the Class regularly worked in excess of 40 hours per work week.  Plaintiffs and Members of the Class primarily performed manual and technical labor duties.  While Defendant called them "supervisors,"

Plaintiffs and Members of the Class did not have any supervisory or management duties. Rather, Plaintiffs and Members of the Class performed the same job duties as the hourly-paid crew members, however, Defendant did not pay its field operators one and one-half times their regular rate for all hours in excess of 40 each week.  Instead, Defendant paid its non-exempt field operators a salary, despite working approximately 120 hours or more per week.  As a result, Defendant failed to properly compensate its employees under the FLSA.

### V. PLAINTIFFS' INDIVIDUAL ALLEGATIONS

*A.   Defendant Failed to Properly Pay Regular and Overtime Compensation.*

13.   The preceding paragraphs are incorporated by reference.

14.   Although they were misclassified by Defendant as "supervisors," Plaintiffs worked for Defendant as field operators, performing manual and technical labor like the hourly-paid crew members.  Plaintiffs' primary job duties included performing the day-to-day operation and maintenance of Defendant's oilfield-related services.  More specifically, Plaintiffs were tasked with loading and unloading equipment, rigging up and rigging down the wells, performing mechanical maintenance on the wells and pumps, along with operating oilfield equipment and machinery.  Additionally, Plaintiffs were responsible for collecting and relaying data, and report daily activities to remote supervisors for analysis.  Plaintiffs' job duties were routine and largely governed by standardized plans, procedures, and checklists created by Defendant.  Plaintiffs' job duties did not include the exercise of discretion.

15. Although they were misclassified as "supervisors," Plaintiffs did not have the authority to hire or fire other employees. Plaintiffs also were not responsible for making hiring or firing recommendations.

16. Plaintiffs frequently worked seven consecutive days during a workweek. In a workweek, Plaintiffs often worked approximately 120 hours or more. Due to the long hours worked, Plaintiffs often slept in their trucks on the worksite.

17. During Plaintiffs' employment, Defendant paid Plaintiffs a salary as compensation, regardless of the number of hours they worked per workweek. In other words, Plaintiffs received a fixed salary, without any overtime compensation, even though they worked approximately over 120 hours or more per workweek. Plaintiffs did not receive one and a half times their normal hourly rate for all hours worked over 40 in a workweek.

18. The FLSA requires Defendant to pay hourly compensation for each hour an employee is suffered or permitted to work, and to pay overtime compensation at one and a half times Plaintiffs' regular rate of pay for each hour Plaintiffs works over 40 hours in a week. Defendant should have paid Plaintiffs for 40 hours of regular pay and at least 80 hours or more of overtime compensation in a typical week, but Defendant failed to pay Plaintiffs that amount.

19. By failing to pay Plaintiffs as described above, Defendant has deprived Plaintiffs of a significant amount of regular and overtime compensation to which they are rightfully entitled.

B. *Defendant Willfully Violated the FLSA.*

20. The FLSA and Department of Labor regulations require that individuals receive at least minimum wage for all hours suffered or permitted to work. In addition, the FLSA and Department of Labor regulations set forth the proper means for calculating and paying minimum wage and overtime compensation to non-exempt employees like Plaintiffs. Defendant failed to follow these rules when paying Plaintiffs.

21. Defendant had a policy and/or practice of not properly paying its employees for all the regular time and overtime they worked each week at the proper rate. Defendant should have paid its employees their regular rate for all hours worked, and it should have paid their employees overtime compensation at one and one-half their regular rates for all hours worked more than 40 per workweek.

22. Defendant knew or has shown reckless disregard for the requirements of the FLSA with respect to compensation for Plaintiffs.

## VI. COLLECTIVE ACTION ALLEGATIONS

23. The preceding paragraphs are incorporated by reference.

24. Plaintiffs are aware that Defendant imposed illegal policies or practices upon Members of the Class. Like Plaintiffs, Defendant employs Members of the Class as field operators, misclassified as "supervisors," who performed the same duties as Plaintiffs, as described above. As with Plaintiffs, Members of the Class frequently work(ed) substantial amounts of overtime that without proper compensation in accordance with the FLSA.

25. Upon information and belief, Defendant did not properly pay Members of the Class for all hours suffered or permitted to work, as described above regarding Plaintiffs.

26. Defendant's failure to properly compensate Plaintiffs and Members of the Class results, upon information and belief, from a generally applicable policy and/or practice. Specifically, upon information and belief, it is a policy and/or practice of Defendant to pay its employees for less than all the regular and overtime hours a field operator is suffered or permitted to work. As such, the Members of the Class are owed additional regular time and overtime compensation for precisely the same reasons as Plaintiffs.

27. Accordingly, the class of similarly situated plaintiffs is properly defined as:

> **All current and former field operators employed by Defendant during the three-year period preceding the filing of this complaint, who received a salary as compensation.**

28. Members of the Class should be notified of this lawsuit and given the opportunity to opt-in if they so desire.

29. Notice from this Court should be expedited to protect these workers from losing a portion of their damages due to the running of the statute of limitations.

## VII. CAUSES OF ACTION

30. The preceding paragraphs are incorporated by reference.

31. As set forth above, Defendant violated the FLSA with respect to Plaintiffs and Members of the Class by failing to pay at least minimum wage for all hours suffered

7

or permitted to work in a week and by failing to provide proper overtime pay for all hours worked more than 40 hours in a week. 29 U.S.C. §§ 206, 207.

32. Plaintiffs and Members of the Class are entitled to recover at least a minimum wage for all hours worked as well as overtime compensation, at one and one-half times their regular rate of pay, for all hours worked more than 40 hours in a week.

33. In addition, Plaintiffs and Members of the Class are entitled to liquidated damages in an amount equal to their unpaid wages and overtime wages.

34. Moreover, Plaintiffs and Members of the Class are entitled to reasonable attorneys' fees and costs. 29 U.S.C. § 216 (b).

## VIII.   JURY DEMAND

35. Plaintiffs demand a jury trial. Any required jury fee has been or will be timely paid.

## PRAYER

WHEREFORE, Plaintiffs request that this Court award them and Members of the Class judgment against Nine Energy Service, LLC for:

1. damages for the full amount of their unpaid wages;

2. damages for the full amount of their unpaid overtime compensation;

3. an amount equal to their unpaid wages and unpaid overtime compensation as liquidated damages;

4. reasonable attorneys' fees, costs and expenses of this action;

5. pre-judgment and post-judgment interest at the highest rate allowed by law; and

6.    such other and further relief as may be allowed by law.

DATED this 12th day of November, 2021.    Respectfully submitted,

BAILEY COWAN HECKAMAN PLLC

By: */s/ Robert W. Cowan*
    Robert W. Cowan
    Attorney-in-Charge
    Federal Bar No. 33509
    Texas Bar No. 24031976
    Katie R. Caminati
    Federal Bar No. 3007025
    Texas Bar No. 24098079
    1360 Post Oak Blvd, Suite 2300
    Houston, Texas 77056
    Telephone: (713) 425-7100
    Facsimile: (713) 425-7101
    rcowan@bchlaw.com
    kcaminati@bchlaw.com